IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES DAVID GILES,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:07-CV-00336 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **VOLVO TRUCKS NORTH** | : | |
| **AMERICA, CHARLES DEBELLIS,** | : | |
| **TERRY CHRISMAN, SR.,** | : | |
| **MAUREEN A. JUDGE** | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

In this action, Plaintiff has sued Volvo Trucks North America, Charles Debellis, Terry Chrisman, Sr., and Maureen A. Judge, an agent of the Internal Revenue Service, alleging that Defendants violated the Racketeer Influenced and Corrupt Organizations Act and Plaintiff's Fifth Amendment rights through their "collection of an unlawful debt," "their continued pattern of racketeering activity," and their "depriving [Plaintiff] of property without due process of law." (Doc. No. 1.)  Plaintiff seeks compensatory damages, treble damages, and punitive damages. (Id.)  Plaintiff has moved for leave to proceed in forma pauperis, (Doc. No. 2), and for the reasons set forth below, this request will be denied.

Section 1915(a)(1) provides that a court may, in its discretion, authorize a person to commence and prosecute a civil action without payment of fees if the party submits an affidavit containing a statement of the party's assets and demonstrating that the party is unable to pay required fees.  28 U.S.C. § 1915(a).  Plaintiff attests that he is employed by Volvo Powertrain North America and earns $4,000 per month.  Additionally, Plaintiff attests that he has approximately $1,500 in his bank account, as well as a home, two automobiles, and a motorcycle valued at approximately $177,000, collectively.  Plaintiff also is the sole supporter of his wife

and two minor children.[1]

Based on the information before the Court – specifically, Plaintiff's representation that he earns $4,000 per month and owns other valuable real and personal property – the Court does not find Plaintiff to be without sufficient resources to finance this litigation. Accordingly, Plaintiff's request for in forma pauperis status will be denied. Plaintiff will be required immediately to remit the required filing fee of $350 to the Clerk of Court. Thereafter, Plaintiff shall take all steps necessary to obtain a summons from the Clerk of Courts and to see to it that Defendants are served in accordance with the procedures set forth in the Federal Rules of Civil Procedure.

**AND NOW**, this 5th day of March, 2007, for the reasons set forth above, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is **DENIED**.

2. Within ten (10) calendar days from the date of this Order, Plaintiff shall remit the required filing fee in the amount of $350 payable to "Clerk, U.S. District Court."

3. Failure to comply with the terms of this Order may result in the complaint being dismissed without further notice.

        s/ Yvette Kane
        Yvette Kane, Chief Judge
        United States District Court
        Middle District of Pennsylvania

---

[1] Plaintiff did not specify the amount of money he contributes to the support of his wife and two children; he simply indicated that they are 100% dependent upon him for support. The Court has no reason to believe that Plaintiff incurs extraordinary expenses in supporting his family members or that the payment of the filing fee will prevent Plaintiff from providing for himself and his dependants.